664 S.E.2d 729

**Sandra Kay CREA, Petitioner Below, Appellee**

v.

**Richard CREA, Respondent Below, Appellant.**

**No. 33656.**

Supreme Court of Appeals of West Virginia.

Submitted April 16, 2008.

Decided June 18, 2008.

Christopher Prezioso, Esq., Luttrell & Prezioso, PLLC, Martinsburg, WV, Attorneys for Appellee.

Brian McAuliffe, Esq., Martinsburg, WV, Attorney for Appellant.

MAYNARD, Chief Justice.

The appellant, Richard Crea. husband of appellee. Sandra Crea,[1] appeals the Circuit Court of Jefferson County's March 29, 2007, dismissal of his petition for appeal from a January 19, 2007, Final Divorce Order entered by the Family Court of Jefferson County. Conversely, Ms. Crea argues that Mr. Crea's petition for appeal was properly dismissed on the merits and further maintains that Mr. Crea's petition was not timely filed with the circuit court. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error and accordingly, affirm the decision below.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The appellant, Richard Crea, and the appellee, Sandra Crea, were married in 1979, and remained together for twenty-five years until their separation in January of 2004. On April 4, 2006, Ms. Crea filed a petition for divorce in the Family Court of Jefferson County, West Virginia. Mr. Crea and Ms. Crea (hereinafter, jointly referred to as "the parties") are the parents of two children, who were adults by the time the petition for divorce was filed. Consequently, neither party sought child support, and there were no custodial issues relating to the children before the family court.

During their marriage, the parties acquired real estate located at 67 Kimberwicke Drive North, Charles Town, West Virginia, which was the marital residence. The appraised value of the home, as used for equitable distribution of the marital estate, was $312,000.00, and the amount owed on the home as of July 3, 2006, was $156,486.06. The property is currently occupied by Mr. Crea and one of the parties' adult children. During the time of the proceedings below, Ms. Crea was living with her father and the parties' second adult child.

At the time of the final divorce hearing, Mr. Crea had acquired credit card debt in the amount of $44,730.89. Mr. Crea testified that he believed the portion of the credit card debt that was acquired during the parties' marriage was about $21,000.00. He further stated that he was obligated to make minimum monthly payments on that debt in the amount of $1,435.00. Ms. Crea disagreed that the $21,000.00 was marital debt.

Ms. Crea is employed by the Jefferson County Board of Education in a paraprofessional position as a teacher's aid. While she has had some training as a nurse in the distant past, she has never held a nursing license or practiced as a nurse. Ms. Crea is fifty years old and testified that she does not have any realistic prospect of improving her income or changing jobs, and that she relies on her current job for retirement and health benefits. Conversely, Mr. Crea is employed as an IT specialist at a financial institution and has in the past, operated a computer business. Mr. Crea did not testify as to any limitations upon his future earnings or job change options. At the time of the final divorce hearing, Mr. Crea's net monthly income was $3,952.54, while Ms. Crea's net monthly income was $1,716.46.

In its final order, the family court ordered that the marital residence be sold and that each party be awarded one-half of the equity in the home, subject to the credits of each. The court further ordered that Ms. Crea be assessed no liability for the $44,730.89 credit card debt that existed in Mr. Crea's name. Ms. Crea was also awarded spousal support in the amount of $325.00 per month until the death of either party, or until she remarries. The family court order was entered on January 19, 2007, and Mr. Crea filed a petition for

---

1. By terms of the circuit court's order, Ms. Crea was restored to her premarital name of Sandra Kay Longerbeam.

appeal on February 26, 2007. On March 29, 2007, the circuit court refused Mr. Crea's petition for appeal. This appeal followed.

## II.

## STANDARD OF REVIEW

This Court has held that: " 'In reviewing a final order entered by a circuit judge upon a review of or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.' Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004)." Syllabus Point 1, *Staton v. Staton*, 218 W.Va. 201, 624 S.E.2d 548 (2005). See W.Va.Code § 51–2A–15(b) (2001). See also, Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review."). With these standards in mind, we now consider the issues presented in this case.

## III.

## DISCUSSION

In his first argument, Mr. Crea states that the family court committed reversible error in its determination that Ms. Crea should not be assessed any marital debt for the $21,000.00 worth of credit card debt that Mr. Crea acquired in his name during the parties' marriage. In response, Ms. Crea states that the family court made very specific findings of fact with regard to the allocation of credit card debt between the parties, including the following:

At trial [Mr. Crea] was unable to produce any documentary' evidence that any of the identified debt was marital debt or even existed at the time of separation. Further, [Mr. Crea] testified that his credit card indebtedness has increased to near $50,000.00. [Mr. Crea] did not offer any explanation as to the purposes for which

the debt was incurred or as to how the debt was a benefit to the marriage or to [Ms. Crea]. [Mr. Crea] did testify that he believed that the marital debt was in the range of $21,000.00 estimating the amount of debt incurred on a monthly basis for a period of time prior to separation ($600.00 per month for 36 months). [Ms. Crea] testified that she was aware [Mr. Crea] had credit cards during the marriage but that she did not know how many he had or how much he was paying on them.

Ms. Crea argues that the family court reached the only logical conclusion that it could in consideration of the fact that Mr. Crea was the sole party in control of all of the documentary evidence of the debt, yet he could not, or would not, provide adequate documentation through required financial disclosure, discovery, or at trial.

We agree with Ms. Crea on the issue that the family court correctly apportioned the parties' credit card debt. It is clear from the record that Mr. Crea did not meet his burden of proof in showing that this debt was marital debt, as he provided no documentary evidence, nor did he provide any explanation as to why he could not obtain the proper documentation, even though the credit cards at issue were in his name and under his dominion. Accordingly, we affirm the circuit court's denial of Mr. Crea's petition for appeal on this issue.

Mr. Crea further argues that the family court abused its discretion when it determined that he should not receive any credit for the reduction in principle caused by the fact that he made mortgage payments on the parties' marital home while he lived there during the parties' three-year separation. Conversely, Ms. Crea states that the family court properly decided the issue of credit for the reduction in principle surrounding the mortgage payments made by Mr. Crea during the parties' separation.

We recognize, as did the family court, that Mr. Crea retained the use of the 2000–square–foot marital home, with all of the furnishings and household items from the marriage, during the entire time of separation. During this same period, however, Ms. Crea lived in very modest circumstances with

her father. Upon reviewing this issue in its entirety, we believe that the family court properly found that the amount of equity added to the marital home was counterbalanced by Mr. Crea's use of the household and all of its furnishings, which belonged to the parties jointly. As such, we affirm the circuit court's denial of Mr. Crea's petition for appeal on this issue.

■ Next, Mr. Crea argues that the family court abused its discretion when it awarded Ms. Crea permanent spousal support in the amount of $325.00 per month. He states that this amount is disproportionate to his ability to pay, in consideration of his monthly income of $3,952.54 and expenses of $5,030.00. In response, Ms. Crea states that the award of spousal support was within the sound discretion of the family court and was supported by clear findings of fact. She points out that the family court found:

> This is a long-term marriage well in excess of twenty years and there is a marked disparity in income between [the parties]. [Ms. Crea] is employed by the Jefferson County Board of Education in a paraprofessional position as a teachers' aid. [Ms. Crea] has training as a nurse in the distant past, but has never held a nursing license or practiced as a nurse. [Ms. Crea] is fifty years of age and testified that she does not have any realistic prospect of improving her income or changing jobs. [Ms. Crea] further testified that she is unwilling to leave her present employment because she receives health benefits and retirement benefits. A change in employment could enable her to increase her income, albeit not substantially. [Mr. Crea] is employed as an IT specialist at a financial institution and has in the past operated a computer business. [Mr. Crea] did not testify as to any limitations upon his future earnings or job change options, nor did he offer any specific testimony in support of a spousal support claim. Neither party testified to any health problems that would affect their ability to sustain employment.

With regard to the award of spousal support, the family court ordered the sale of the marital home, thus allowing Mr. Crea to completely eliminate all of his existing debt, which, in turn, enabled him to drastically reduce his monthly expenses. The family court held that: "[Mr. Crea] should not benefit from voluntarily incurring excessive debt, and [Ms. Crea] should not be penalized for [Mr. Crea] having done so." We find no error in the family court's resolution of this issue and affirm the circuit court's denial of Mr. Crea's petition for appeal.

■ While we believe that the circuit court properly denied Mr. Crea's appeal of the family court order on its merits, we also believe that it is necessary to address the issue of whether Mr. Crea's appeal was timely filed with the circuit court. Ms. Crea maintains that Mr. Crea's failure to timely file his appeal acts as a jurisdictional infirmity, precluding review by an appellate court. She explains that the decision of the family court was entered on January 19, 2007, while Mr. Crea's appeal of that order was not filed until February 26, 2007, well beyond the thirty days provided for in the West Virginia Rules of Practice and Procedure for Family Court (hereinafter, the "Family Court Rules"). Family Court Rule 28(a), provides that:

> Time for petition.—A party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office. If a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration.

Ms. Crea also states that there was no written motion filed by Mr. Crea requesting additional time pursuant to Rule 32 of the Family Court Rules and that no exigent circumstances played a part in Mr. Crea's delay in timely filing his appeal to the circuit court. Rule 32 provides that:

> The circuit court may, for good cause shown in a written motion, extend the time prescribed by these rules for doing any act related to the appeal before it, or may permit an act to be done after the expiration of such time. Provided, however, that any extension of time granted by the cir-

cuit court may not exceed a period often days.

■ Ms. Crea relies on *Washington v. Washington*, 221 W.Va. 224, 654 S.E.2d 110 (2007), wherein this Court found that an appeal was properly denied by the circuit court under Rule 28(a) when that appellant failed to comply with the thirty-day appeal deadline. In *Washington* we stated:

> We believe that he simply missed the thirty-day appeal deadline which is a jurisdictional infirmity in West Virginia. We have explained that: " 'Where the Legislature has prescribed limitations on the right to appeal, such limitations are exclusive, and cannot be enlarged by the court.' *State v. De Spain*, 139 W.Va. 854, [857,] 81 S.E.2d 914, 916 (1954)." Syllabus Point 1, *West Virginia Department of Energy v. Hobet Mining & Construction Co.*, 178 W.Va. 262, 358 S.E.2d 823 (1987).

221 W.Va. at 227, 654 S.E.2d at 113.

With our decision today, we must clarify our holding in *Washington*. The general principle quoted from *Hobet Mining* with regard to legislatively-prescribed time limitations is a correct statement of law. However, we must point out that our Family Court Rules are not legislatively prescribed rules, and thus, our holding in *Hobet Mining* is distinguishable from the situation at hand. Moreover, as set forth above, the thirty-day appeal deadline in Rule 28(a) may be extended for good cause pursuant to Rule 32 of the Family Court Rules. As such, appellate review is not precluded as a matter of course when the thirty-day appeal deadline has not been met.

■ We recognize that there will be rare circumstances wherein a party may not meet a strict deadline as prescribed by a judicially-created rule, but that good cause can be established by the party for such a violation. In such a circumstance, the failure to strictly comply with the time limitation set forth in Rule 28(a) should not result in a jurisdictional ban prohibiting review by an appellate court. We believe that when a party estab-

lishes good cause for failure to comply with the thirty-day appeal deadline, an extension of time may be granted. Accordingly, we now hold that Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court is not jurisdictional and may be extended for good cause. To the extent that *Washington v. Washington*, 221 W.Va. 224, 654 S.E.2d 110 (2007), is inconsistent with this holding, it is overruled.[2]

In the case at hand, as was the situation in *Washington*, the Final Divorce Order clearly advised Mr. and Ms. Crea of the thirty-day time frame for appeal. The January 19, 2007, Final Divorce Order of the family court, which was in the record at all times and provided to both parties, clearly states in capital letters that:

> THIS IS A FINAL ORDER WHICH EITHER PARTY MAY APPEAL. AN APPEAL MUST BE FILED IN THE CIRCUIT CLERK'S OFFICE IN THIS COUNTY. A PETITION FOR APPEAL TO THE CIRCUIT COURT MAY BE FILED BY EITHER PARTY WITHIN 30 DAYS OF THE DATE OF ENTRY OF THIS FINAL ORDER.
>
> TO APPEAL DIRECTLY TO THE SUPREME COURT, **BOTH** PARTIES MUST FILE, WITHIN 14 DAYS OF THE DATE OF ENTRY OF THIS FINAL ORDER, A NOTICE OF INTENT TO APPEAL AND WAIVER OF RIGHT TO APPEAL TO CIRCUIT COURT. IF ONLY ONE PARTY TIMELY FILES A NOTICE OF WAIVER AND APPEAL TO THE SUPREME COURT, THE APPEAL WILL BE TREATED AS A PETITION FOR APPEAL TO THE CIRCUIT COURT.

Nonetheless, the record is void of any explanation whatsoever as to why Mr. Crea failed to draft a timely appeal to the circuit court. Moreover, he has not presented any argument to this Court, or to the circuit court, as to any impediment that impacted his ability to timely file his appeal to the circuit court.

---

**2.** The facts in this case are substantially similar to the facts in *Washington* such that in both cases, there was a violation of the thirty-day time limitation for appeal, there was no explanation

for that violation, and there was no request for an extension of time. Had we decided *Washington* under the principle set forth today, it would not have changed the result of that case.

In summary, it is clear from the record that Mr. Crea did not follow the Family Court Rules, as he did not file his appeal to the circuit court within the thirty-day limitation as prescribed by Family Court Rule 28(a). Moreover, he did not file a written motion pursuant to Family Court Rule 32 requesting an extension of time demonstrating good cause for his failure to timely file his petition for appeal to the circuit court. Furthermore, Mr. Crea failed to comply with the family court's Final Divorce Order, which explained in precise detail his requirement to file his petition to the circuit court within thirty days. Thus, after thoroughly reviewing the record and considering all of the parties' arguments, we find no error with the circuit court's March 29, 2007, denial of Mr. Crea's petition for appeal. Consequently, we affirm the circuit court's decision.

## IV.

### CONCLUSION

Accordingly, the final order of the Circuit Court of Jefferson County entered on March 29, 2007, is affirmed.

Affirmed.