## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Elizabeth P.,**
**Petitioner Below, Petitioner**

**vs)   No. 18-1048** (Wayne County 09-D-374)

**Gid M.,**
**Respondent Below, Respondent**

**FILED**

**October 18, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Elizabeth P.,[1] pro se, appeals the September 26, 2018, order of the Circuit Court of Wayne County denying petitioner's appeal from the July 27, 2018, order entered by the Family Court of Wayne County. The family court designated Respondent Gid M. as the residential parent and ordered overnight visitation between petitioner and the parties' child every Friday and Saturday. The child's guardian ad litem ("GAL"), Attorney D. Scott Bellomy, filed a response in support of the circuit court's order.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]There was no response filed by respondent.

1

The record is sparse,[3] but we glean the following: The parties have an eleven-year-old child together. Petitioner currently resides in Ohio, while respondent and the child live in Wayne County, West Virginia. According to the GAL, the child previously resided in Ohio with petitioner. The child subsequently reported to the GAL that, while in petitioner's care, the child missed school to such an extent that the child was in danger of being held back in the fifth grade. Accordingly, after a June 22, 2018, evidentiary hearing, the Family Court of Wayne County designated respondent as the residential parent, with parenting time during the week, and allowed petitioner overnight visitation with the child every Friday and Saturday. The GAL states that the family court's ruling was in accordance with his recommendation, which he made following an investigation.

Petitioner did not appeal the family court's July 27, 2018, order until August 30, 2018. By order entered on September 26, 2018, the Circuit Court of Wayne County found that petitioner filed her appeal outside the thirty-day time frame for appeals from family court. Accordingly, the circuit court denied petitioner's appeal on the ground that it was untimely filed. Petitioner now appeals the circuit court's September 26, 2018, order.

In the Syllabus of *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004), we held:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court ("family court rules") provides:

> A party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office. If a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration.

On appeal, petitioner fails to address the circuit court's ruling that her appeal was untimely filed but argues that the family court's July 27, 2018, order was erroneous. The GAL counters that the family's decision was correct and further notes the circuit court's decision to deny petitioner's appeal due to untimeliness.

_____

[3]On November 29, 2018, petitioner informed this Court that transcripts were not necessary for our consideration of her appeal. Petitioner's appendix consists only of the most recent court orders (with attached holiday schedule and visitation rules), notices, and certificates of service. On March 13, 2019, petitioner filed a motion to supplement her appendix with additional documents. By order entered on March 19, 2019, we denied that motion for noncompliance with the West Virginia Rules of Appellate Procedure.

2

We find that we cannot review petitioner's challenge to the family court's order under the facts and circumstances of this case. In Syllabus Point 3 of *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008), we held: "Rule 28(a) of the [family court rules] is not jurisdictional and may be extended for good cause. To the extent that *Washington v. Washington*, 221 W. Va. 224, 654 S.E.2d 110 (2007), is inconsistent with this holding, it is overruled." We found in *Crea* that there was no good cause for allowing a late appeal given the lack of "any explanation whatsoever as to why Mr. Crea failed to draft a timely appeal to the circuit court" and the failure to present any argument "as to any impediment that impacted his ability to timely file his appeal to the circuit court." *Id.* at 393, 654 S.E.2d at 734.

Here, as indicated above, petitioner failed to address the circuit court's ruling that her appeal was untimely. Based on our review of the limited record, we find no impediment that impacted petitioner's ability to file a timely appeal to the circuit court. In addition, petitioner filed no motion for reconsideration, which would have suspended the time in which she had to appeal, and no motion for an extension of time to appeal as permitted by Rule 32 of the family court rules.[4] Accordingly, we conclude that the circuit court did not err in denying petitioner's appeal due to its untimeliness.

For the foregoing reasons, we affirm the circuit court's September 26, 2018, order denying petitioner's appeal from the family court's July 27, 2018, order designating respondent as the residential parent with overnight visitation between petitioner and the parties' child every Friday and Saturday.

Affirmed.

**ISSUED:** October 18, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman

---

[4]Rule 32 of the family court rules provides:

> The circuit court may, for good cause shown in a written motion, extend the time prescribed by these rules for doing any act related to the appeal before it, or may permit an act to be done after the expiration of such time. Provided, however, that any extension of time granted by the circuit court may not exceed a period of ten days.

WORKMAN, J., dissenting:

The majority's memorandum decision focuses on the unrepresented Petitioner-mother's failure to adhere to time deadlines and the Rules of Appellate Procedure in this case involving custody of a small child. Petitioner was three days late filing her appeal to the circuit court and she did not comply with our appellate rules by providing the Court with an appendix record that comports with Rules 6(c) and Rule 7 of the Rules of Appellate Procedure in her appeal to this Court.

However, this Court should focus *at least* as much attention on compliance with the rule of law by the lower courts (and certainly by this Court) as on a litigant without a lawyer. Neither the family court order nor the circuit court order set forth any legal context whatsoever for their decisions. Nor does the opinion of the majority of this Court. The reader of the majority opinion is left to wonder: was this the appeal of an initial custody order; or was it the appeal of the grant of a modification of custody; or was it some other kind of appeal? Standards of review govern the context in which legal decisions are made by courts. Neither this opinion nor the orders below give the slightest clue as to the legal context of the ruling being made.[1]

As numerous commentators have noted: "When used properly, standards of review require appellate judges to exercise self-restraint and in so doing, act to create a more respected and consistent body of appellate law and a more efficient judicial system." Amanda Peters, *The Meaning, Measure, and Misuse of Standards of Review*, 13 Lewis & Clark L. Rev. 233, 235-36 (2009) (quoting Kelly Kunsch, *Standard of Review (State and Federal): A Primer*, 18 Seattle U. L. Rev. 11, 12 (1994)). Moreover,

> Standards of review balance the power among the courts, enhance judicial economy, standardize the appellate process, and give the parties in a lawsuit an idea of their chance of success on appeal. All of these policies are interconnected. And, when appellate court judges use standards of review faithfully and consistently, these principles are upheld.

*Id.* at 238 (2009). As the Fourth Circuit has noted:

> The purpose of standards of review is to focus reviewing courts upon their proper role when passing on the conduct of other decision-makers. Standards of review are thus an elemental expression of judicial restraint, which, in their deferential varieties, safeguard the superior vantage points of those entrusted with

---

[1]The guardian ad litem at least *attempts* to argue standards of review, making passing references to "not clearly erroneous" and/or "abuse of discretion," but once again we are not provided context as to the substantive manner in which the issues are before the lower court.

4

primary decisional responsibility. . . .[S]tandards of review do matter, for in every context they keep judges within the limits of their role and preserve other decision-makers' functions against judicial intrusion.

*Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 320–21, 326 (4th Cir. 2008). Moreover,

The appellate court can properly decide an issue on appeal only after establishing the proper standard of review. Whether stated or not, when an appellate court decides a case, it is necessarily applying some standard of review. By failing to state the standard that it is applying, the reviewing court contributes to the 'black box' nature of appellate decision-making. Moreover, the failure to state the standard adds credence to the suspicion that the "rules governing judicial review have no more substance at the core than a seedless grape."

Timothy J. Storm, *The Standard of Review Does Matter: Evidence of Judicial Self-Restraint in the Illinois Appellate Court*, 34 S. Ill. U. L.J. 73, 107 (2009) (quoting Ernest Gellhorn & Glen O. Robinson, *Perspectives on Administrative Law*, 75 Colum. L. Rev. 771, 780 (1975)).

During his immensely productive two years on this Court, Justice Cleckley re-focused us on the importance of standards of review:

One legacy left by Justice Cleckley was the attention to and the application of the appropriate standard of review. In preparing the petition and the briefs, appellate attorneys must address the standard of review applicable to the issues being raised. The appropriate standard of review governs the analysis of the issues. Setting forth the standard of review provides the justice a framework within which to consider questions presented.

Robin Jean Davis, *Effective Appellate Petition and Brief Writing*, West Virginia Lawyer, March 1998, 11-MARWVLAW 7. Yet this Court in this memo decision goes blithely along with the two lower courts in failing to do so.

The standard of review for an initial allocation of child custody decision is vastly different from the standard of review for a modification of child custody. *See* Syl. Pt. 2, *Cloud v. Cloud*, 161 W.Va. 45, 239 S.E.2d 669 (1977) ("To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would *materially promote the welfare of the child*.") (emphasis added).

In adopting substantial changes to the Rules of Appellate Procedure in 2010, this Court modified our procedures to include memorandum decisions. *See* RAP 21 Specifically, the Clerk's Comments to Rule 21 provided for memorandum decisions as "providing a procedure

5

whereby parties can request a non-precedential disposition early in the development of the case[]" by means of an "abbreviated decision on the merits that will not contain a syllabus and will not be published in the West Virginia Reports." However, this Court has also held in *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014) and more recently in *In re. T.O.*, 238 W. Va. 455, 796 S.E.2d 564 (2017), that memorandum decisions do have precedential value. Although memorandum decisions are much shorter statements of the issues involving no new points of law, they should not short-shift the basic ingredients of a legal opinion, which must at minimum provide the legal context in which a decision is made and a discussion of the standard of review.

The result in the instant case may be no different if this case was remanded. This is not about what is a correct result. This is about courts following the law and holding themselves to a standard at least as great as the one to which it holds unrepresented litigants in child custody cases.

This case should have been remanded to require the lower courts to enter orders which comport with the law; and this Court should have enunciated our standard of review and reviewed an appeal of the lower court order within that standard.