IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2020 Term

_____

No. 20-0015

_____

FILED
September 25, 2020
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

IN RE S.L.

_____

Appeal from the Circuit Court of Roane County
The Honorable Anita Harold Ashley, Judge
Case No. 18-JA-46

AFFIRMED

_____

Submitted: September 1, 2020
Filed: September 25, 2020

Betty Clark Gregory, Esq.
Linn, West Virginia
Counsel for Petitioner P.L.

Ryan M. Ruth, Esq.
Ruth Law Office, PLLC
Winfield, West Virginia
Guardian ad Litem for S.L.

Patrick Morrisey, Esq.
Attorney General
Lindsay S. See, Esq.
Solicitor General
Brandolyn N. Felton-Ernest, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent DHHR

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)." Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

2.      "A parent whose rights have been terminated pursuant to an abuse and neglect petition may request post-termination visitation.  Such request should be brought by written motion, properly noticed for hearing, whereupon the court should hear evidence and arguments of counsel in order to consider the factors established in Syllabus Point 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995), except in the event that the court concludes the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary." Syl. Pt. 5, *In re Marley M.*, 231 W. Va. 534, 745 S.E.2d 572 (2013).

i

3. "Child abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

4. "[M]atters involving the abuse and neglect of children shall take precedence over almost every other matter with which a court deals on a daily basis, and it clearly reflects the goal that such proceedings must be resolved as expeditiously as possible." Syl. Pt. 5, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

5. Filing a post-termination visitation motion does not extend the timeframe in which to appeal a final disposition order entered in an abuse and neglect matter. The timeframe to appeal a final disposition order is set forth in Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Rule 11 of the Rules of Appellate Procedure.

6. "'When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best

interest.' Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)." Syl. Pt. 11,

*In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002).

ARMSTEAD, Chief Justice:

In this abuse and neglect matter, we consider whether filing a post-termination visitation motion extends the timeframe to appeal a final disposition order. Additionally, we examine the circuit court's ruling denying Petitioner P.L.'s[1] ("Petitioner Mother") post-termination visitation motion.

After review, we find that filing a post-termination visitation motion does not extend the timeframe to appeal a final disposition order. Further, we affirm the circuit court's order denying Petitioner Mother's post-termination visitation motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August of 2018, the West Virginia Department of Health and Human Resources ("DHHR") filed a child abuse and neglect petition[2] alleging that Petitioner Mother "threatened the physical health and mental health" of her then six-year-old daughter, S.L. The allegations in the petition included: 1) Petitioner Mother failed to provide necessary medical care to S.L.; 2) Petitioner Mother's home "was in a deplorable condition" that was not suitable for S.L.; and 3) domestic violence occurred in the family home, including Petitioner Mother hitting her boyfriend with an ashtray. Regarding the

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials to identify the parties. *See, e.g., State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The petition also named Petitioner Mother's boyfriend, K.F., and the child's biological father, J.L., as respondents. J.L.'s parental rights were subsequently terminated. K.F. was dismissed from this matter after he and Petitioner Mother ended their relationship.

1

domestic violence, S.L. "reported that she has observed mommy hit daddy and daddy hit mommy."

The circuit court held an adjudicatory hearing on September 26, 2018. Petitioner Mother admitted that "she failed to provide necessary medical care to [S.L.] and that [S.L.] had been subjected to domestic violence in the home." The circuit court accepted Petitioner Mother's stipulation and adjudicated her as an abusing parent. Petitioner Mother was granted a post-adjudicatory improvement period which required random drug screens, parenting and adult life skills classes, a domestic violence course, individual therapy, supervised visitation with S.L., and that she maintain suitable housing.

On September 8, 2019, the DHHR filed a motion to terminate Petitioner Mother's parental rights, alleging that she failed to comply with the terms of her improvement period. The circuit court held its final disposition hearing on September 26, 2019. The DHHR presented testimony at this hearing from Carol Balser, a Child Protective Services worker. Ms. Balser testified that Petitioner Mother's residence, a two-bedroom modular home, contained an "overwhelming" smell of cat urine and feces. She stated that there were multiple cats in the home (more than five) and that the residence did not include any litterboxes. She also described ongoing water issues with the house, and problems with a rat and a snake that were found under the house. Ms. Balser testified that the DHHR's position was that the home was not safe for S.L., and that it was not in S.L.'s best interest to be returned to Petitioner Mother's custody.

Petitioner Mother also testified at the disposition hearing. She stated that during her nine-month improvement period, she "made every attempt to try to better myself for my daughter." She also testified that she visited with S.L. twice a week and had requested more visitation. While initially stating that she had "learned . . . parenting skills" from the classes provided during her improvement period, Petitioner Mother subsequently testified that she did not need the services provided by the DHHR and denied that S.L. had ever been abused or neglected. Petitioner Mother and the prosecuting attorney had the following exchange during the hearing:

> Q. Was this whole situation overblown a little bit?
>
> A. I think it was.
>
> Q. And was your daughter ever in danger if she was with you?
>
> A. No.
>
> Q. And, really, you – if she'd have stayed with you the whole time, she'd have been fine?
>
> A. Yeah.
>
> Q. And you never abused your daughter?
>
> A. No.
>
> Q. And you've never neglected your daughter?
>
> A. No.
>
> Q. And, really, you didn't need any of these [DHHR] services?

3

A. No. But if they think that there was a problem, they could have put in-home services, before removing my daughter, to help me work on the problem, instead of jerking my daughter right away from me. Why not put the services in the home before you remove the child, instead of after you remove the child?

Q. And they – I mean, really, you'd have to agree that there were no issues – this has been a wasted nine months, hasn't it?

A. I think so.

The circuit court entered its final disposition order terminating Petitioner Mother's parental rights on October 29, 2019. The circuit court noted the concerns about Petitioner Mother's residence and stated that the DHHR's position was that the home was not safe for S.L. The order then provides:

> More concerning than the current unsanitary living conditions is [Petitioner Mother's] failure to truly acknowledge any deficiencies in her parenting or to accept any responsibility for the removal of the child from her care, custody and control.
> . . . .
> Because the purpose of an abuse and neglect proceeding is remedial, the failure of [Petitioner Mother] to truly acknowledge any deficiency or problem with her parenting goes to the very heart of the issue of whether the situation is treatable.

The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because Petitioner Mother failed to follow through with a reasonable family case plan and had demonstrated an inadequate capacity to solve the problems of abuse or neglect on her own or with the DHHR's help. It also found that termination of her parental rights was

4

necessary for the welfare of S.L. Accordingly, the circuit court terminated Petitioner Mother's parental rights and prohibited her from having further contact with S.L.

The circuit court's disposition order clearly set forth Petitioner Mother's right to appeal and the timeframe in which the appeal was to be filed. The order provides:

> Pursuant to Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, the Adult Respondent [Petitioner Mother] is advised of her appellate rights, as follows:
>
> i.) The Adult Respondent has the right to appeal this order terminating her parental rights to the Infant Respondent.
>
> ii.) If the Adult Respondent chooses to appeal the termination of her parental rights, [her attorney] shall prosecute an appeal on her behalf to the Supreme Court of Appeals of West Virginia, without charge to the Adult Respondent. If the Adult Respondent wishes to appeal, she must provide <u>written</u> notice to her counsel, within twenty (20) days of entry of this Order, of her desire to appeal. Failure to do so shall not trigger any duty on the part of her counsel to file anything on her behalf.
>
> iii.) If an appeal is desired, a Notice of Intent to Appeal must be filed with the Clerk of the Supreme Court [of Appeals] of West Virginia within thirty (30) days after this order is filed in the Circuit Clerk's office, and a Petition for Appeal must be fully perfected within sixty (60) days of said date, otherwise the right to appeal will expire. The appeal may be filed without a transcript.

After entry of the circuit court's order, Petitioner Mother filed a post-termination visitation motion with the circuit court on November 29, 2019. The circuit court denied the post-termination visitation motion on December 10, 2019, finding that

continued visitation would be "detrimental to the well-being" of S.L., and "contrary to her best interests."

Petitioner Mother filed her notice of appeal with this Court on January 7, 2020, asserting that the circuit court erred by 1) terminating her parental rights, and 2) denying her post-termination visitation motion.

## II. STANDARD OF REVIEW

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). With this standard in mind, we proceed to examine the parties' arguments.

## III. ANALYSIS

On appeal, Petitioner Mother raises two assignments of error. First, she alleges that the circuit court erred by terminating her parental rights. Second, she alleges

6

that the circuit court erred by denying her post-termination visitation motion. As discussed fully below, the primary issue we address is whether Petitioner Mother may seek relief from an order that she did not timely appeal (the final disposition order), through an appeal of an order that she did timely appeal (the post-termination visitation order).

Petitioner Mother first argues that the circuit court erred by terminating her parental rights. This ruling is contained in the circuit court's October 29, 2019, final disposition order. That order set forth Petitioner Mother's right to appeal and provided, in clear, unambiguous language, the timeframe in which the appeal had to be filed:

> a Notice of Intent to Appeal must be filed with the Clerk of the Supreme Court of West Virginia within thirty (30) days after this order is filed in the Circuit Clerk's office, and a Petition for Appeal must be fully perfected within sixty (60) days of said date, otherwise the right to appeal will expire.

During oral argument, counsel for Petitioner Mother conceded that her appeal of the final disposition order was untimely and explained that Petitioner Mother initially did not want to appeal this order. Counsel stated that after the final disposition order was entered, Petitioner Mother only wanted to seek post-termination visitation. However, after the circuit court denied her motion for post-termination visitation, Petitioner Mother reconsidered her action and decided that she wanted to appeal the final disposition order terminating her parental rights.

Counsel for the DHHR argued that the appeal of the final disposition order was untimely and that the only decision that is properly before this Court is the circuit court's post-termination visitation order. According to the DHHR, there are no exceptions

7

in our rules and no caselaw that would allow Petitioner Mother to seek relief from an order

that she did not timely appeal (the final disposition order) through her timely appeal of a

subsequent order (the post-termination visitation order).

After review, we find that the appeal of the final disposition order was

untimely. Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect

Proceedings[3] and Rule 11 of the Rules of Appellate Procedure[4] provide that an appeal from

---

[3] Rules 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides, in relevant part:

> Appeals of orders under W.Va. Code § 49-4-601, *et seq*., are governed by the Rules of Appellate Procedure. Within thirty (30) days of entry of the order being appealed, the petitioner shall file a notice of appeal, including required attachments and copies, with the Office of the Clerk of the Supreme Court of Appeals of West Virginia, with service provided as prescribed by the Rules of Appellate Procedure. . . . An appeal must be perfected within sixty (60) days of entry of the order being appealed. The circuit court from which the appeal is taken or the Supreme Court of Appeals may, for good cause shown, by order entered of record, extend such period, not to exceed a total extension of two months, if the notice of appeal was properly and timely filed by the party seeking the appeal. The filing of any motion to modify an order shall not toll the time for appeal. The Supreme Court of Appeals shall give priority to appeals of child abuse and/or neglect proceedings and termination of parental rights cases and shall establish and administer an accelerated schedule in each case, to include the completion of the record, briefing, oral argument, and decision.

[4] Rule 11 of the Rules of Appellate Procedure provides, in relevant part:

(continued . . .)

8

(a) Applicability. This Rule governs all appeals from a circuit court final judgment in abuse and neglect cases under West Virginia Code § 49-4-601, et seq.

(b) Docketing the Appeal. Within thirty days of entry of the judgment being appealed, the petitioner shall file the notice of appeal and the attachments required in the notice of appeal form contained in Appendix A of these Rules. . . . Upon motion filed in accordance with Rule 39(b), the Court may extend the time period for filing a notice of appeal for good cause shown.

. . . .

(f) Perfecting the Appeal--Timing. Unless otherwise provided by law, an appeal in an abuse and neglect case must be perfected within sixty days of the date the judgment being appealed was entered in the office of the circuit clerk; provided, however, that the circuit court from which the appeal is taken or the Supreme Court may, for good cause shown, by order entered of record, extend such period, not to exceed a total extension of two months, if the notice of appeal was properly and timely filed by the party seeking the appeal. If a motion for leave to extend the time for perfecting an appeal is filed with the circuit court, a copy of the motion must be filed with the Clerk of the Supreme Court, and the order of the circuit court ruling on the motion must also be provided to the Clerk of the Supreme Court. A motion that is filed with this Court to extend time to perfect an appeal must comply with Rule 29 and must state with particularity the reasons why an extension is necessary. Upon motion filed on or before the deadline for perfecting an appeal, the Court may grant leave to the petitioner to perfect an appeal where a notice of appeal has not been filed and a scheduling order has not been entered. Such relief will be granted only in extraordinary circumstances, and if the motion is granted, the Court may, in its discretion, deny oral argument or impose other sanctions for failure to comply with the Rules.

9

an abuse and neglect order must be perfected within sixty days. This period may be extended by two months if a party files 1) a timely notice of appeal, and 2) a motion demonstrating good cause for such an extension.[5] Petitioner Mother did not file a timely notice of appeal of the final disposition order or a timely motion demonstrating good cause for an extension of the appeal period.

This Court has previously stated that the time limitations contained in our Rules of Procedure for Child Abuse and Neglect Proceedings may not be casually disregarded:

> [t]he procedural and substantive requirements of West Virginia Code § 49-4-601 *et seq.*, the Rules of Procedure for Child Abuse and Neglect [Proceedings], and our extensive body of caselaw are not mere guidelines. The requirements contained therein are not simply window dressing for orders which substantively fail to reach the issues and detail the findings and conclusions necessary to substantiate a court's actions. The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority.

*In re J.G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018).

While Petitioner Mother did not file a timely appeal of the final disposition order, she did file a timely appeal of the post-termination visitation order. A parent whose

---

[5] A party may also seek an extension under Rule 39(b) of the Rules of Appellate Procedure. It provides "[t]he Court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time."

parental rights have been terminated may seek post-termination visitation. *See* Syl. Pt. 5, *In re Marley M.*, 231 W. Va. 534, 745 S.E.2d 572 (2013) ("A parent whose rights have been terminated pursuant to an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion, properly noticed for hearing, whereupon the court should hear evidence and arguments of counsel in order to consider the factors established in Syllabus Point 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995), except in the event that the court concludes the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary.").

This Court has never held that filing a post-termination visitation motion extends the timeframe to appeal the underlying final disposition order. Such a ruling would create an indefinite appeal period for final disposition orders and potentially lead to lengthy delays that would frustrate one of the main goals of our abuse and neglect system— achieving permanency for children. It is well-established that every child is entitled to permanency to the greatest extent the legal system can ensure it. *See State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 470 S.E.2d 205 (1996). Moreover, we have noted the harm that can accompany delays in abuse and neglect matters, finding that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). We have also recognized "matters involving the abuse and neglect of children shall take precedence over almost every other matter with which a court deals on a daily

11

basis, and it clearly reflects the goal that such proceedings must be resolved as expeditiously as possible." Syl. Pt. 5, in part, *Carlita B.*

The plain language of Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Rule 11 of the Rules of Appellate Procedure provide that a party has sixty days to perfect their appeal from a final order in an abuse and neglect proceeding, subject to an extension of up to two months for good cause shown. This deadline serves to resolve abuse and neglect matters in a timely fashion and provide permanency for the children at issue.

Based on the foregoing, we hold that filing a post-termination visitation motion does not extend the timeframe in which to appeal a final disposition order entered in an abuse and neglect matter. The timeframe to appeal a final disposition order is set forth in Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Rule 11 of the Rules of Appellate Procedure.[6] Applying this holding to

---

[6] During oral argument, the DHHR invited this Court to provide guidance on the potential conflict between the deadline to file an appeal contained in W. Va. Code § 58-5-4, "[n]o petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered . . .", and the deadline to perfect an appeal from a final order in an abuse and neglect proceeding contained in Rule 49 of the Rules of Procedure for Child Abuse and Neglect Proceedings and Rule 11 of the Rules of Appellate Procedure.

We decline to address this issue in detail because the issue was not briefed by the parties. However, we note that in *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008), this Court observed that the time period established for filing a petition for appeal from a family court order is necessarily flexible. Syllabus point three of *Crea* provides: "Rule

(continued . . .)

12

the instant matter, we find that Petitioner Mother failed to file a timely appeal of the circuit

court's final disposition order.[7]

---

28(a) of the West Virginia Rules of Practice and Procedure for Family Court is not jurisdictional and may be extended for good cause. To the extent that *Washington v. Washington*, 221 W.Va. 224, 654 S.E.2d 110 (2007), is inconsistent with this holding, it is overruled." The Court in *Crea* further explained:

> We recognize that there will be rare circumstances wherein a party may not meet a strict deadline as prescribed by a judicially-created rule, but that good cause can be established by the party for such a violation. In such a circumstance, the failure to strictly comply with the time limitation set forth in Rule 28(a) should not result in a jurisdictional ban prohibiting review by an appellate court. We believe that when a party establishes good cause for failure to comply with the thirty-day appeal deadline, an extension of time may be granted.

*Id.* at 393, 664 S.E.2d at 734.

In the present case, we find no reason to extend the deadline for Petitioner Mother to perfect her appeal of the final disposition order because 1) she did not file a timely notice of appeal, 2) she did not file a timely motion asking for an extension of the appeal period, and 3) no good cause has been asserted explaining the delay.

[7] Even if Petitioner Mother had timely appealed the final disposition order, we conclude that the circuit court did not err by terminating her parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. A court may find that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse

(continued . . .)

13

Petitioner Mother's second assignment of error is that the circuit court erred by denying her post-termination visitation motion. Her argument on this issue is brief—she asserts "it was uncontested that the visits between mother and child went very well and the two had an emotional bond. The child was always excited to see her mother. Therefore, the child would benefit from continued contact with her."

This Court has addressed the issue of post-termination visitation as follows:

<div style="border-top: 1px solid">

> or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

W. Va. Code § 49-4-604(d)(3).

Petitioner Mother failed to follow the family case plan designed to remedy the conditions of abuse and neglect. The clear evidence presented during the disposition hearing demonstrated that Petitioner Mother failed to provide S.L. with suitable housing and failed to acknowledge the problems that led to the abuse and neglect petition. This Court has found that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Without an acknowledgement of the conditions of abuse and neglect, the circuit court correctly determined that there was no reasonable likelihood that the conditions would be substantially corrected in the near future. Accordingly, we find no error in the circuit court's order terminating Petitioner Mother's parental rights.

</div>

14

"[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D*., 211 W. Va. 79, 562 S.E.2d 147 (2002).

The circuit court determined that post-termination visitation would be "detrimental to the well-being of [S.L.] and contrary to her best interests." It also found that post-termination visitation would be inconsistent with S.L.'s permanency plan of adoption.

After review, we agree with the circuit court's ruling. Petitioner Mother has not established that the circuit court's ruling was in error. Instead, the overwhelming evidence demonstrated that Petitioner Mother's parental rights were properly terminated after she failed to provide suitable housing for S.L., and failed to demonstrate any awareness or appreciation for the serious abuse and neglect issues that led to S.L. being removed from her custody. Further, it appears that S.L. is doing well in her current

15

placement.[8]  We find nothing in the record demonstrating that continued contact with Petitioner Mother would be in S.L.'s best interest.[9]

## IV. CONCLUSION

For the reasons set forth herein, the circuit court's December 10, 2019, order is affirmed.

Affirmed.

---

[8] According to the Rule 11(j) update provided to this Court, S.L. is doing well with the foster family she has been with since May of 2019, and the current plan is adoption by that family.

[9] While we agree that the evidence supports the circuit court's denial of post-termination visitation, we are concerned by the brief, one-page order entered by the circuit court on the post-termination visitation motion. Had the evidence been less than overwhelming in this matter, a remand for a more detailed order would have been appropriate.  Our general rule is that a lower court's order "must be sufficient to indicate the factual and legal basis for the [court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record.").  A circuit court's ruling on a post-termination visitation motion should include detailed findings on the factors set forth in syllabus point eleven of *Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147.

16