# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ethan B.,**
**Petitioner Below, Petitioner**

**FILED**
**November 2, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 19-0830** (Lewis County 09-D-51)

**Tracy W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ethan B.[1] appeals the August 21, 2019 order of the Circuit Court of Lewis County, West Virginia, refusing his appeal from the May 8, 2019 order entered by the Family Court of Lewis County as untimely.  The family court modified the parties' parenting agreement and more particularly established their responsibilities concerning their two sons.

Upon consideration of the standard of review, the parties' briefs and oral argument, and the record presented, the Court finds no substantial question of law and no prejudicial error.[2]  For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were divorced in July 2009, and the family court adopted a parenting agreement which specified Respondent Tracy W. was the primary residential parent of the parties' children. Petitioner was allocated parenting time with his children on a phased-in schedule.  In January 2014, the parties' parenting plan was modified to give Petitioner additional parenting time on Wednesday evenings and two additional weeks of summer vacation.

Respondent filed this motion for modification of the parenting agreement, in which she alleged that Petitioner was refusing to abide by the parenting schedule.  After an evidentiary hearing, the family court issued its May 8, 2019 order modifying the parties' parenting plan "in a manner to diminish the conflict between the parties and ease the transition issues for the children." The family court set very specific details regarding Petitioner's summer visitation schedule, among other things.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case.  *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner is represented by counsel Jared S. Frame, Esq., Sutton, West Virginia. Respondent is represented by counsel Shannon R. Thomas, Esq., Weston, West Virginia.

Petitioner requested that the circuit court grant him an extension of time to file an appeal from the family court's order under Rule 32 of the Rules of Practice and Procedure for Family Court (Family Court Rules) which allows a circuit court to extend a deadline for appeal for up ten days:

> The circuit court may, for good cause shown in a written motion, extend the time prescribed by these rules for doing any act related to the appeal before it, or may permit an act to be done after the expiration of such time. Provided, however, that any extension of time granted by the circuit court may not exceed a period of ten days.

On June 4, 2019, the circuit court granted Petitioner's request. In its order, the circuit court stated that Petitioner "shall be given a ten (10) day extension and has until **June 17, 2019** to file his Appeal."[3]

Petitioner's appeal was not filed until June 21, 2019. By order entered on August 21, 2019, the circuit court denied Petitioner's appeal as untimely. Petitioner appeals the circuit court's August 21, 2019 order.[4]

In the Syllabus of *Carr v. Hancock*,[5] we held that our standard of review of appeals from family court involves a three-part analysis:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

On appeal, Petitioner states that the circuit court should not have rejected his appeal as untimely because he placed it in the mail on June 17, 2019, within the deadline of his extension. Petitioner contends that his appeal was timely because Rule 6(e) of the West Virginia Rules of Civil Procedure (Rules of Civil Procedure)[6] allows for an additional three days to file documents

---

[3] (Emphasis in original).

[4] On August 28, 2019, Petitioner "faxed directly" to the circuit court a "Motion to Reopen Appeal." Although this motion was not filed, the circuit court issued an order denying it on September 16, 2019. The circuit court stated that pursuant to Rule 31(b) of the Family Court Rules, "motions for reconsideration of a refusal order, or renewal of a petition for appeal that has been refused are not permitted."

[5] 216 W. Va. 474, 607 S.E.2d 803 (2004).

[6] *See* W. Va. R. Civ. P. 6(e) ("Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period

2

when notice of a "required act" is delivered by mail rather than e-filing or some other more expedited form of document delivery. But Petitioner's argument lacks merit; he cites no authority where this Court has extended a specific appeal deadline in a family court matter to account for mailing. Rule 6(e) of the Rules of Civil Procedure is inapplicable here; it did not extend Petitioner's time to appeal. Mailing only extends a party's time to act when the time to act is measured from "a prescribed period after the service of notice or other paper upon the party[.]"[7] In this case, there was no prescribed period after some date; the circuit court's order said that the petition for appeal was due on a particular date (June 17, 2019). Even if one construes the circuit court's order as granting a ten-day extension, the extension was measured from the time "the family court order was entered in the circuit clerk's office[,]"[8] not from the time some notice or paper was served.

Petitioner's appeal was untimely because mailing does not equate to filing under the Family Court Rules or the Rules of Civil Procedure. The Family Court Rules provide that an appeal is "filed" when it is filed with the clerk: "An original and two copies of the petition for appeal shall be filed in the office of the circuit clerk where the final order being appealed was entered."[9] Similarly, the Rules of Civil Procedure provide: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, who shall note thereon the filing date[.]"[10] When granting him an extension of time to file his appeal of the family court's order, the circuit court specifically stated Petitioner had until June 17, 2019, to file his appeal. But Petitioner's appeal was not filed until June 21, 2019.

Petitioner further argues that our case law and rules show "a more lenient interpretation" of the time frames with regard to filings, especially when there are valid reasons given or excusable neglect. Petitioner contends that his counsel operated under the mistaken belief that, because Lewis County had not instituted e-filing, delivery by mail was given at least a three-day grace period. Petitioner states that the mistake made by his counsel was unfortunate, but it was not done for nefarious reasons. Petitioner asks this Court to find "excusable neglect," under the factors discussed in *Delapp v. Delapp*;[11] Petitioner claims that his delay was a simple mistake, Respondent was not prejudiced, and he acted in good faith. While we appreciate Petitioner's candor, we decline to grant him relief.

---

after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.").

[7] *Id.*

[8] Family Court Rule 28(a).

[9] Family Court Rule 28(b), in part

[10] Rule 5(e) of the Rules of Civil Procedure, in part.

[11] 213 W. Va. 757, 584 S.E.2d 899 (2003).

In *Delapp*, the petitioner filed a motion under Rule 60(b) of the Rules of Civil Procedure to set aside the final order of the circuit court due to inadvertence or excusable neglect in the untimely filing of the petition for review. In this case, because Petitioner's appeal of the family court order was denied as untimely, Petitioner was required to establish that he was entitled to relief from the order for one of the reasons enumerated in Rule 60(b) of the Rules of Civil Procedure, which permits a circuit court to grant relief from an order for reasons such as excusable neglect:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

But Petitioner did not file a Rule 60(b) motion with the circuit court claiming excusable neglect. Instead, he faxed a Motion to Reopen Appeal, which is not permitted under the Family Court Rules[12] (or any other basis under Rule 60(b)) directly to the circuit court and this motion was never filed. Therefore, Petitioner's purported reasons for "good cause" or "excusable neglect" are not part of the record below. [13]

In *Crea v. Crea*,[14] we found that there was no good cause for allowing a late appeal given the lack of "any explanation whatsoever as to why Mr. Crea failed to draft a timely appeal to the circuit court[.]"[15] Similarly, in *Elizabeth P. v. Gid M.*,[16] we found that the circuit court did not err

---

[12] *See* Family Court Rule 31(b), in part ("Motions for reconsideration of a refusal order, or renewal of a petition for appeal that has been refused, are not permitted).

[13] As noted above, Petitioner stated to this Court that his counsel was mistaken concerning the Rules of Civil Procedure. But a mistake in construing court rules would typically not constitute excusable neglect. *See generally*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) [of the Federal Rules of Civil Procedure] is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

[14] 222 W. Va. 388, 664 S.E.2d 729 (2008).

[15] *Id.* at 393, 654 S.E.2d at 734.

[16] No. 18-1048, 2019 WL 5289927 (W. Va. Oct. 18, 2019) (memorandum decision).

4

in denying the petitioner's appeal due to its untimeliness when she failed to address the court's ruling or offer any explanation below why the appeal was untimely. And in this case, Petitioner filed no proper pleading with the circuit court explaining why his appeal of the family court order was untimely.

For the foregoing reasons, we affirm the circuit court's order denying Petitioner's appeal from the family court's order.

Affirmed.

**ISSUED:** November 2, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison