**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED
April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Curtis J.,**
**Defendant Below, Petitioner**

**vs.)   No. 20-0359** (Berkeley County 20-D-AP-2)

**Laura J.,**
**Plaintiff Below, Respondent**

# MEMORANDUM DECISION

Self-represented Petitioner Curtis J. appeals the May 6, 2020, order of the Circuit Court of Berkeley County affirming the December 20, 2019, final order of the Family Court of Berkeley County granting the parties a divorce, setting forth the equitable distribution of marital assets, and awarding Respondent Laura J. $1,000 per month in permanent spousal support.[1] Respondent, by counsel Cinda L. Scales, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and consists only of various pleadings and exhibits, the family court's December 20, 2019, order, and the circuit court's May 6, 2020, order; the appellate record does not include the video

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

recording of the December 5, 2019, final hearing before the family court. From the appellate record, we glean the following: The parties were married on January 3, 1998, in Mineral County and last lived together on February 9, 2019, in Berkeley County. The parties' four children are all adults. Respondent sought a divorce due to irreconcilable differences, and petitioner admitted to the same in a verified answer. At the December 5, 2019, final hearing, the Family Court of Berkeley County approved the parties' "oral [a]greement and [s]tipulation as to the nature and value of their assets and debts, the terms of which were placed upon the record in open [c]ourt, wherein the parties agreed to the disposition of certain property." The parties disputed respondent's entitlement to permanent spousal support and the amount thereof.[2]

By final order entered on December 20, 2019, the family court (1) granted the parties a divorce; (2) equitably distributed marital assets and debts pursuant to the parties' agreement as "set forth more fully in the [m]arital [p]roperty [a]llocation [d]istribution of [p]roperty worksheet, attached hereto and incorporated herein, as EXHIBIT 1"; and (3) awarded respondent permanent spousal support in the amount of $1,000 per month, beginning on December 1, 2019. The family court found that respondent's permanent spousal support was "subject to continuing judicial modification." Accordingly, the family court ruled that the permanent spousal support may be "modified by [o]rder of this [c]ourt" in addition to respondent's remarriage or the death of either party. Petitioner appealed the family court's December 20, 2019, final order to the Circuit Court of Berkeley County on January 20, 2020. On January 29, 2020, petitioner submitted the video recording of the December 5, 2019, final hearing before the family court for the circuit court's review. Following a March 6, 2020, hearing, and after reviewing the video recording of the December 5, 2019, final hearing, the circuit court affirmed the family court's December 20, 2019, final order.[3]

Petitioner now appeals the circuit court's May 6, 2020, order affirming the family court's December 20, 2019, final order. In reviewing circuit court orders affirming family court orders, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, in addition to raising two issues challenging the award of permanent spousal support to respondent, petitioner challenges the equitable distribution of marital assets and debts by raising various other issues. Respondent counters that the only issues petitioner preserved for

---

[2]During the parties' children's minorities, respondent did not work outside the home for a period of time. Before and after the parties' marriage, respondent has worked in retail at Wal-Mart. Petitioner works for the Federal Bureau of Investigation.

[3]The circuit court's rulings are discussed below.

appeal are the issues challenging the award of permanent spousal support to respondent. Petitioner concedes that many issues were "supposed to be brought up in [the] [f]amily [c]ourt, but . . . never [were]."[4]

"To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [family] court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (Citation omitted.); *see State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Finally, in *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." Here, in addition to petitioner's concession that he failed to raise several issues before the family court, petitioner failed to include the video recording of the December 5, 2019, final hearing in his appendix. The family court found that the terms of the parties' agreement, in which they agreed to the disposition of their marital property, "were placed upon the record" at the final hearing. Therefore, we have nothing to review without the video recoding of the final hearing. Accordingly, we find that the only issues petitioner preserved for appeal are the two issues challenging the award of permanent spousal support to respondent. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

With regard to petitioner's assignments of error involving the award of permanent spousal support, because we "take as non[-]existing all facts that do not appear in the [appendix] record," *see Honaker*, 193 W. Va. at 56 n.4, 454 S.E.2d at 101 n.3, our review of those issues will be necessarily limited. Petitioner first argues that the family court failed to make specific findings in its final order as to each of the twenty factors set forth in West Virginia Code § 48-6-301(b) for consideration in making an award of spousal support.[5] However, petitioner concedes that, at the

---

[4]Petitioner explains that the attorney who represented him before the family court failed to follow petitioner's directions to raise all issues petitioner believed applicable to his case.

[5]West Virginia Code § 48-6-301(b) provides that a court consider the following factors in making an award of spousal support: (1) the length of time the parties were married; (2) the period of time during the marriage when the parties actually lived together as husband and wife; (3) the present employment income and other recurring earnings of each party from any source; (4) the (continued . . .)

final hearing, the family court (1) "went over [all of] the 20 factors"; (2) "found 5 factors inapplicable" to the parties' case; and (3) made specific findings regarding the 5 factors it found most relevant to the instant case. Given petitioner's concessions, we find that he argues only that the family court erred in failing to memorialize the findings it made in the final order. Pursuant to Syllabus Point 2 of *Perdue*, petitioner "bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains." 156 W. Va. at 467, 194 S.E.2d at 658. We find that petitioner fails to do so here, as he concedes that the family court considered all twenty of the requisite factors at the final hearing. As found by the circuit court, which had the opportunity to review the video recording of the final hearing, "the family court *did* consider the factors set forth in [West Virginia] Code § 48-6-301[(b)]." (Emphasis in original.)

Petitioner further argues that the family court erred in ordering him to pay $1,000 per month in permanent spousal support due to the evidence at the final hearing showing that petitioner's monthly expenses exceeded his net monthly income. In affirming the family court's December 20, 2019, final order, the circuit court found that this Court rejected a similar argument and found no error in an award of permanent spousal support in *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008), where the family court in that case found that the wife should not be penalized for the husband's choice to incur excessive debt. *Id.* at 392, 664 S.E.2d at 733. Here, respondent argues that petitioner agreed to be assigned most of the marital debts because petitioner wanted to be also assigned the most valuable marital assets; petitioner was assigned the marital home, his accrued annual leave, and his Ameritrade account pursuant to the marital property allocation distribution of property worksheet attached to the final order. Respondent further argues that it is inequitable for petitioner to "utilize the debts he [willingly] took . . . as a basis for arguing [that] he cannot afford to pay spousal support." We agree with respondent and note that the family court provided for the eventuality that petitioner might need his support obligation modified and, if petitioner believes that he is presently unable to pay $1,000 per month in permanent spousal

---

income-earning abilities of each of the parties; (5) the equitable distribution of marital property; (6) the ages and the physical, mental, and emotional condition of each party; (7) the educational qualifications of each party; (8) foregone or postponed economic, education, or employment opportunities of either party during the course of the marriage; (9) the standard of living established during the marriage; (10) the likelihood that the party seeking spousal support can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training; (11) any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party; (12) the anticipated expense of obtaining the education and training described in West Virginia Code § 48-6-301(b)(10); (13) the costs of educating minor children; (14) the costs of providing health care for each of the parties and their minor children; (15) the tax consequences to each party; (16) the extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home; (17) the financial need of each party; (18) the legal obligations of each party to support himself or herself and to support any other person; (19) costs and care associated with a minor or adult child's physical or mental disabilities; and (20) any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

4

support, he may file a petition for modification pursuant to the family court's final order. Based on our review of the appellate record before us, we find that petitioner cannot show that the family court erred in ordering petitioner to pay $1,000 per month in permanent spousal support. Accordingly, we conclude that the circuit court properly affirmed the family court's final order.

For the foregoing reasons, we affirm the circuit court's May 6, 2020, order affirming the family court's December 20, 2019, final order.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5