**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brian L.,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0468** (Cabell County 13-D-886)

**Heather E.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented Petitioner Father Brian L.[1] ("Father") appeals the May 28, 2021, order of the Circuit Court of Cabell County clarifying its May 11, 2021, order which affirmed a February 24, 2021, order of the Family Court of Cabell County. In its February 24, 2021, order, the family court found that Father was still in contempt of a July 29, 2014, order which awarded Respondent Mother Heather E. ("Mother") $11,000 in attorney's fees and ruled that it would not consider any subsequent modification and/or contempt petitions filed by Father until he begins complying with the July 29, 2014, order by paying $300 per month until that judgment is paid in full. Mother, by counsel Arik C. Paraschos and Noel M. Olivero, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The parties never married but have one child together, who was born in February of 2012. By way of background relevant to this appeal, in *Brian L. v. Heather E.* ("*Brian L. I*"), No. 14-1155, 2015 WL 6955142 (W. Va. Nov. 6, 2015) (memorandum decision), this Court affirmed the October 22, 2014, order by the Circuit Court of Cabell County that affirmed the Family Court of Cabell County's July 29, 2014, order. *Id.* at *10. In its July 29, 2014, order, the family court prohibited Father from having any contact with the parties' child based upon prior findings:

> that Father made false representations to [a] Texas court that resulted in an order that could be used to forcibly remove [the parties' child] from the jurisdiction of West Virginia; that Father denied that his Texas filings were intended to seek custody of [the child], despite their clear language to the contrary; and that Father took [the child] from a Barboursville[, West Virginia,] hotel to Texas without Mother's consent.[2]

*Brian L. I*, 2015 WL 6955142, at *8 (Footnote added.). The family court further awarded Mother $11,000 in attorney's fees, finding that she substantially prevailed in the parties' custody dispute, that Father had the financial means to pay Mother's attorney's fees, and that Father's conduct complicated the litigation. *Id.* at *9. Finally, the family court determined that Father would pay child support. *Id.* at *4.

Subsequently, the family court, by order entered on April 4, 2018, found Father in contempt of its July 29, 2014, order for failing to pay the previously ordered attorney's fees. The family court ordered Father to begin to make regular payments in satisfaction of that judgment. The family court also denied Father's petition to modify that portion of the July 29, 2014, order prohibiting him from having any contact with the parties' child. On appeal, in *Brian L. v. Heather E.* ("*Brian L. II*"), No. 18-0752, 2019 WL 4257300 (W. Va. Sept. 9, 2019) (memorandum decision), Father did not challenge the family court's finding that he was in contempt of the July 29, 2014, order due to his failure to pay the previously ordered attorney's fees. *See id.*, at *2 n.5. However, Father challenged the prohibition against his having any contact with the parties' child, arguing that the prohibition ceased once his Texas custody action was dismissed. *Id.* at *5. This Court disagreed, finding that, under its plain language, the family court's July 29, 2014, order required Father, once the Texas case was dismissed, to seek parenting time with the child by filing a modification petition. *Id.* Accordingly, this Court found that Father properly filed such a petition in *Brian L. II*, but affirmed the family court's finding that Father failed to show that he was entitled to a modification of the July 29, 2014, order. *Id.* at *3-5. More specifically, this Court affirmed the family court's determination that Father remained a "flight risk" if he has the child given his continued residency in Texas. *Id.* at *5.[3]

---

[2]Father lives in Texas.

[3]As noted by this Court in *Brian L. v. Heather E.* ("*Brian L. II*"), No. 18-0752, 2019 WL 4257300 (W. Va. Sept. 9, 2019) (memorandum decision), the family court "was not entirely convinced that Father had permanently moved to West Virginia" due to Father's "muddled" testimony on the issue. *Id.* at *3.

On September 21, 2020, Father filed another modification petition. Due to a protective order preventing Father from knowing Mother's address, Mother agreed to have the modification petition served on her through her counsel. Mother also filed a counter-petition asking the family court to find that Father remained in contempt of the July 29, 2014, order due to his failure to pay the previously ordered attorney's fees. Finally, Mother sought additional attorney's fees.

As perfection of service upon Mother took a number of months, the hearing on Father's modification petition did not occur until January 28, 2021. On January 25, 2021, Father filed a motion to continue the January 28, 2021, hearing so that he could obtain counsel. The family court, by order entered on January 25, 2021, denied the motion for a continuance, finding that the scheduled hearing was only three days away and that Father's modification petition "ha[d] been pending for months."

Following the January 28, 2021, hearing, the family court entered an order on February 9, 2021, and an order on February 24, 2021. In its February 9, 2021, order, the family court noted that Father decided not to seek parenting time with the parties' child at the hearing. Instead, Father wanted his child support obligation recalculated[4] and to be relieved of his obligation of providing insurance for the child. The family court recalculated Father's child support obligation as $358.16 per month for the months of January and February of 2021 and, beginning in March of 2021, as $215.31 per month. The family court further relieved Father of the obligation of providing insurance for the child, finding that Mother did not object as she was not using the insurance provided by Father because the child "has West Virginia Medicaid coverage." In its February 24, 2021, order, the family court found that Father remained in contempt of the July 29, 2014, order which awarded Mother $11,000 in attorney's fees and ruled that it would not consider any subsequent modification and/or contempt petitions filed by Father unless he complies with the July 29, 2014, order and pays Mother's attorney's fees in full.[5] The family court found that Father could pay $300 per month toward satisfying the July 29, 2014, order based upon his testimony at the January 28, 2021, hearing. The family court deferred ruling on Mother's motion to be awarded additional attorney's fees by holding the motion in abeyance.

On March 29, 2021, Father filed an appeal from the family court's rulings in the circuit court. The circuit court, by order entered on May 11, 2021, affirmed the family court's rulings on alternate grounds. Initially, the circuit court found that Father filed his appeal beyond the thirty-day appeal deadline set forth in Rule 28(a) of the West Virginia Rules of Practice and Procedure

---

[4]At the time of the January 28, 2021, hearing, Father's child support obligation was $159.58 per month. Father questioned the amount of his child support arrearage as calculated by the West Virginia Bureau of Child Support Enforcement ("BCSE"). Accordingly, in addition to recalculating Father's child support obligation, the family court ordered the BCSE to perform an audit of Father's child support arrearage and provide the report to the parties and the family court.

[5]The family court found that Father had paid only $305 of the $11,000 in attorney's fees that it previously awarded to Mother.

for Family Court as to the family court's February 9, 2021, and February 24, 2021, orders.[6] The circuit court further found that an evaluation of the appeal's merits revealed that the family court "reviewed the record, heard the testimony," and issued findings that "were neither clearly erroneous, arbitrary, capricious, nor an abuse of . . . judicial discretion." Accordingly, the circuit court affirmed the family court's February 9, 2021, and February 24, 2021, orders.

On May 18, 2021, Father filed a motion for reconsideration in the circuit court, stating that "[his] appeal was based on the February 24th, 2021[,] [o]rder[, and] NOT the February 9th, 2021[,] [o]rder." As to the February 24, 2021, order, Father argued that his appeal was timely filed. The circuit court, by order entered on May 28, 2021, did not disturb its prior finding that the appeal was untimely filed as to the February 9, 2021, but found that the March 29, 2021, filing of the appeal was timely with regard to the February 24, 2021, order. Therefore, the circuit court set forth additional findings specifically refuting Father's various challenges to the February 24, 2021, order. Accordingly, the circuit court reaffirmed its previous determination that the family court's "orders filed February 9, 2021[,] and February 24, 2021[,] are hereby **AFFIRMED**."

Father appeals the circuit court's May 28, 2021, order clarifying its May 11, 2021, order which affirmed the family court's February 24, 2021, order.[7] In reviewing a circuit court order affirming a family court order, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

On appeal, Father states that "[t]he order [under] appeal from the [f]amily [c]ourt was filed and entered on February 24th, 2021," which is consistent with his statement in the May 18, 2021, motion for reconsideration that he was not appealing the family court's February 9, 2021, order.

---

[6]In Syllabus Point 3 of *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008), we held that "Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court is not jurisdictional and may be extended for good cause." Here, during the thirty-day appeal period, Father filed a motion to extend the appeal time on March 2, 2021. The circuit court, by order entered on March 5, 2021, denied the motion. We do not review the denial of the motion to extend the appeal time as we find that, based upon our thorough review of Father's brief, he does not raise the issue on appeal. *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.")

[7]We do not need to review the circuit court's ultimate finding that Father's appeal was timely filed as to the February 24, 2021, order because we have held that the thirty-day appeal deadline set forth in Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court "is not jurisdictional." Syl. Pt. 3, *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008). Therefore, we review only the circuit court's alternate ground for affirming the family court's February 24, 2021, order, which was that Father's various challenges to that order lacked merit.

4

Therefore, we find that Father is challenging only the family court's February 24, 2021, order.

We decline to review any of Father's challenges to the February 24, 2021, order, that are not supported by adequate citations to the record on appeal. As Father acknowledges, the appellate record does not include the recording of the January 28, 2021, hearing before the family court. Father had the responsibility of obtaining the recording from the family court upon payment of a $5 fee.[8] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 454 S.E.2d 96 (1994), we reasoned that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Id.* at 56 n.4, 454 S.E.2d at 101 n.4.

We now address Father's assignments of error which are adequately raised pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[9] Mother argues that none of the assignment of error have merit and that the family court's February 24, 2021, order should be affirmed. We agree with Mother.

Father challenges the family court's January 25, 2021, order denying his motion to continue the January 28, 2021, hearing. We find that the January 25, 2021, order became appealable with the entry of the family court's February 24, 2021, order because, "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders." *Riffe v. Armstrong*, 197 W. Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999).

Father requested a continuance so that he could seek the representation of counsel. However, the family court found that Father filed his motion for a continuance only three days prior to the January 28, 2021, hearing despite the fact that his modification petition "ha[d] been

---

[8]There is no indication that Father cannot afford to pay applicable fees. For example, in this Court's July 30, 2021, scheduling order, we noted that Father paid the $200 filing fee.

[9]Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, we decline to review the following five assignments of error: (1) the family court improperly protected Mother's credibility at the January 28, 2021, hearing by refusing to admit relevant evidence; (2) the family court erred in refusing to take into account the fact that, when Father was required to provide insurance coverage for the parties' child, he had less money to pay the attorney's fees he owes; (3) the family court erred in finding that Father violated the protective order preventing him from knowing Mother's address; (4) the family court erred in deferring a ruling on Mother's motion to be awarded additional attorney's fees; and (5) the family court erred in advising Father that it could not provide him legal advice when he never sought legal advice from the court.

pending for months." Therefore, based upon our review of the record, we conclude that the family court did not abuse its discretion in denying Father's motion for a continuance. Syl. Pt. 1, *State v. Dunn*, 237 W. Va. 155, 786 S.E.2d 174 (2016) (holding that rulings regarding continuances are reviewed under the abuse of discretion standard). Syl. Pt. 1, *Levy v. Scottish Union & National Ins. Co.*, 58 W. Va. 546, 52 S.E. 449 (1905) (same).

Father's other two issues are related. Father (1) challenges the family court's finding that he remained in contempt of the July 29, 2014, order which awarded Mother $11,000 in attorney's fees; and (2) argues that the sanction the family court imposed in its February 24, 2021, order was improper. In Syllabus Point 2 of *Kinsinger v. Pethel*, 234 W. Va. 463, 766 S.E.2d 410 (2014), we held that,

> "[i]n reviewing the findings of fact and conclusions of law of a [family] court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review." Syl. Pt. 1, *Carter v. Carter*, 196 W. Va. 239, 470 S.E.2d 193 (1996).

Father argues that he attempted to prove that he was paying the attorney's fees the family court awarded respondent in *Brian L. I* in the proceeding in *Brian L. II*. As we noted in *Brian L. II*, "[t]he family court . . . concluded that Father is in contempt for failing to pay the previously ordered attorney's fees and ordered that he begin to make regular payments in satisfaction of that order." 2019 WL 4257300, at *2 n.5. As none of Father's assignments of error in *Brian L. II* challenged the family court's contempt finding,[10] it became the law of the case. *See Noland v. Virginia Insurance Reciprocal*, 224 W. Va. 372, 378, 686 S.E.2d 23, 29 (2009) (finding that the lower court's partial summary judgment constituted the law of the case because it was not appealed). In the February 24, 2021, order currently under appeal, the family court found that Father had paid only $305 of the $11,000 in attorney's fees previously awarded to Mother, and Father points to nothing in the appellate record to contradict the family court's finding. Therefore, we find that the family court's determination that he remains in contempt of the July 29, 2014, order which awarded Mother the attorney's fees was not clearly wrong.

Contrary to the family court's ruling in *Brian L. II*, Father failed to make regular payments in satisfaction of the July 29, 2014, order. Accordingly, in the February 24, 2021, order, the family

---

[10]In *Brian L. v. Heather E.* ("*Brian L. II*"), No. 18-0752, 2019 WL 4257300 (W. Va. Sept. 9, 2019) (memorandum decision), Father raised the following assignments of error: (1) the "no contact" provision in the family court's July 29, 2014, order was no longer in effect by the time of *Brian L. II*; (2) the family court erred in concluding that Father failed to produce evidence that a modification of the "no contact" order was in the best interests of the parties' child; (3) the family court's order denying Father's petition for modification effectively terminated his parental rights without affording him due process of law; and (4) the family court's finding that Father remained a "flight risk" lacked evidentiary support. *Id.* at *3-5.

6

court ruled that it "will not accept any more petitions for contempt or modification by [Father] unless he is in compliance with [the July 29, 2014, order]." Father argues that the family court imposed an improper sanction by requiring him to pay the attorney's fees that he was previously ordered to pay before he can renew his request for parenting time with the parties' child. We disagree with Father's characterization of the family court's ruling as it requires him to "pay at least $300 per month toward [the] attorney['s] fees owed to [Mother]" in order to *comply* with the July 29, 2014, order that he has persistently disobeyed. West Virginia Code § 51-2A-9(b) provides, in pertinent part, that "[a] family court judge *may enforce compliance* with his or her lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant." (Emphasis added.).

Moreover, the family court found that Father was able to pay at least $300 per month toward the attorney's fees he was previously ordered to pay based on his January 28, 2021, hearing testimony. As discussed above, we cannot review Father's testimony because he did not include the recording of the January 28, 2021, hearing in the appellate record. Accordingly, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, we do not review the family court's finding that Father has the ability to pay. Thus, we find that the family court did not abuse its discretion in ruling that it would not consider modification and/or contempt petitions filed by Father unless he complies with the July 29, 2014, order until it is paid in full.[11] Therefore, we conclude that the circuit court properly affirmed the family court's February 24, 2021, order.

For the foregoing reasons, we affirm the circuit court's May 28, 2021, order clarifying its May 11, 2021, order which affirmed the family court's February 24, 2021, order.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[11]We do not interpret the family court's February 24, 2021, order as prohibiting Father from filing a modification petition if he loses the ability to pay at least $300 per month toward the attorney's fees he owes Mother.